# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL TORRES,<br><br>　　　　　　　Petitioner<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | CASE NO. 11cr1854 – IEG<br>Related Case: 11cv2293 – IEG<br><br>ORDER DENYING PETITIONER'S MOTION FOR TIME REDUCTION<br>[Doc. No. 21 in 11cr 1854] |

Petitioner, a federal inmate proceeding pro se, submitted a motion for time reduction pursuant to 28 U.S.C. § 2255. He seeks relief on the ground that, due to his alien status, he is ineligible for (1) a one-year reduction of sentence through a drug program, (2) an early release to a halfway house, and (3) a Unicor job. [Doc. No. 21]. Petitioner argues that the availability of these programs to United States citizens, but not to aliens, violates the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Rights Act of 1964. [*Id.*] Having considered Petitioner's arguments, and for the reasons set forth below, the Court **DENIES** Petitioner's Motion for Time Reduction.

## BACKGROUND

Petitioner was charged with, and ultimately pleaded guilty to, being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b), which carries a maximum sentence of twenty years. [*See* Doc. Nos. 5, 10.] As part of his Plea Agreement, Petitioner expressly

"waive[d], to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, . . . unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable." [Doc. No. 10.]  At sentencing, the Government calculated a guideline range of 37 to 46 months and recommended a sentence of 42 months. [Doc No. 18.]  Petitioner sought a sentence of 18 months based on the downward departures under 18 U.S.C. § 3553(a). [Doc. No. 17.]  On September 21, 2011, the Court sentenced Petitioner to 30 months.  [Doc. No. 20.]

## DISCUSSION

Section 2255(a) authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States."  Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure."  *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979) (internal quotation marks omitted).  If the record clearly indicates that a petitioner does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

**I.     Waiver**

As an initial matter, it is clear that Petitioner waived any right to collaterally attack his sentence.  "'A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'"  *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted).  In this case, as part of his Plea Agreement, Petitioner expressly waived "any right . . . to collaterally attack the guilty plea, conviction and sentence," unless "the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable." [Doc. No. 10.]  At sentencing,  the Court imposed a sentence of 30 months,

which was below the Government's recommended guideline range of 37 to 46 months. [*See* Doc. Nos. 18, 21.] Because the Court did not impose a sentence above the high end of the guideline range recommended by the Government, Petitioner's waiver applies. There is also no indication that the waiver was not knowingly and voluntarily made. Accordingly, Petitioner's collateral attack on his sentence is precluded by a valid waiver. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also United States v. Navarro-Botello*, 912 F.2d 318, 321-22 (9th Cir. 1990) (public policy supports plea agreements because, *inter alia*, of the finality that results).

## II.  Merits

Even assuming Petitioner did not waive the right to collaterally attack his sentence, his claims fail on the merits. Aliens present in the United States illegally are entitled to the full protections of the Equal Protection Clause. *Plyler v. Doe*, 457 U.S. 202, 215 (1982). Nonetheless, to state a claim for violation of the equal protection, the plaintiff must allege that he was treated differently from other similarly situated persons. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Unless a suspect classification is present, the unequal treatment must only be "rationally related to a legitimate state interest." *Id.* at 440.

The policy precluding deportable aliens from participating in certain community-based programs does not violate equal protection because it is rationally related to the government's interest in preventing those individuals from fleeing. *See McLean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir. 1999) (the exclusion of deportable aliens from participating in a community-based treatment program was rationally-based, and therefore constitutional, seeing as "prisoners with detainers pose a flight risk during the community-based treatment phase because they are subject to possible deportation upon release from custody, and therefore have reason to flee a halfway house"). Similarly, the denial of a one-year reduction does not violate due process because it does not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life;" rather, it "merely means that the inmate will have to serve out his sentence as expected." *Id.* at 1185 (internal quotation marks and citations omitted).

As other courts have concluded, deportable aliens are not "similarly situated" to United States citizens with respect to the benefits that Petitioner seeks. *See, e.g.*, *Aguilar-Marroquin v.*

1  *United States*, Nos. 11-CV-705 H, 10-CR-3802 H, 2011 WL 1344251, at *2 (S.D. Cal. Apr. 8,
2  2011); *Rendon-Inzunza v. United States*, No. 09cv1258-LAB, 2010 WL 3076271, at *1 (S.D. Cal.
3  Aug. 6, 2010); *Santos v. United States*, 940 F. Supp. 275, 281 (D. Haw. Aug. 16, 1996).  Because
4  United States citizen inmates must re-enter domestic society upon completion of their sentences,
5  they have a strong incentive to comply with community-based placement.  On the other hand, non-
6  citizen inmates subject to deportation upon completion of their sentences may have an opposite
7  incentive to flee from the community-based placement.  Accordingly, "[i]t is not an equal
8  protection violation to allow United States citizen-inmates, who must re-enter domestic society, to
9  participate in rehabilitative or other programs while denying that privilege to deportable inmates."
10 *Rendon-Inzunza*, 2010 WL 3076271, at *1.  Because the two groups are not "similarly situated"
11 for purposes of relief that Petitioner seeks, there is no equal protection violation.  *See City of*
12 *Cleburne*, 473 U.S. at 439; *see also Demore v. Kim*, 538 U.S. 510, 521-22 (2003) ("Congress may
13 make rules as to aliens that would be unacceptable if applied to citizens.").

## CONCLUSION

15     Because Petitioner's collateral attack is precluded by a valid waiver, and because it fails on
16 the merits, the Court **DENIES** Petitioner's motion for sentence reduction under 28 U.S.C. § 2255.
17 The Court also denies a certificate of appealability because Petitioner has not "made a substantial
18 showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).

19     **IT IS SO ORDERED.**

21     **Dated: October 20, 2011**

22                                              **IRMA E. GONZALEZ, Chief Judge**
                                                **United States District Court**